IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>AMADOR CARRERA RAMIREZ.,<br><br>           Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE<br><br>Case No. 2:00-CR-105-3 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Lorena[1] (Amador) Carrera-Ramirez's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons discussed below, the Court will grant Defendant's Motion and reduce her sentence to time served.

I. BACKGROUND

On June 21, 2000, a ten-count superseding indictment charged Defendant,[2] along with two co-conspirators, with crimes related to the armed robberies of four small businesses in Salt Lake City, which occurred on February 13, March 2, March 11, and June 16, of 2000. Defendant was named in eight of the ten counts. Though initially denying her involvement, Defendant eventually pleaded guilty to two counts of Interference with Commerce by Threats or Violence & Aiding and Abetting in violation of 18 U.S.C. § 1951 (Counts 7 and 9), and two counts of Using or Carrying a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)

---

[1] Defendant was convicted as "Amador" but has since undertaken a gender transition and now goes by "Lorena."

[2] Docket No. 15. Defendant was charged under the name of "Antonio Garcia Banderos aka Tarta."

1

(Counts 8 and 10). In the plea agreement, Defendant admitted to the charges associated with the March 11 robbery of Montero Imports, where Defendant and her codefendant took $300 from the cash register and took the wallets of four customers present at the time of the robbery; and the June 16 robbery of Quetzal Imports, where Defendant and her codefendant took approximately $230 cash from the register. In each of these offenses, Defendant or her codefendants threatened use of a firearm on their victims to obtain the cash.

At the time Defendant entered her plea, the first § 924(c) conviction (Count 8) carried a mandatory minimum sentence of seven years, to run consecutively, and the second § 924(c) conviction (Count 10) carried a mandatory minimum sentence of 25 years, also to run consecutively. Defendant was sentenced by Judge David Winder on November 14, 2000. She received 37 months for Counts 7 and 9, which represented the low-end of the guideline range, and 32 years for Counts 8 and 10, bringing her sentence to 35 years and one month.[3] In exchange for the guilty plea, the government agreed to recommend a low-end sentence and dismiss Counts 3 through 6.

Defendant has served roughly 23 years of the 35-year sentence and has an expected release date of March 4, 2032. Defendant filed her First Step Act Motion for Compassionate Release on March 24, 2023, and counsel supplemented the Motion on June 9, 2023. Defendant argues there are extraordinary and compelling circumstances for a reduction, specifically: the length of the sentence imposed, the elimination of the stacking provisions in § 924(c), Defendant's young age at the time of sentencing, and the uniquely difficult circumstances she

---

[3] Docket No. 73.

faces in prison due to her status as a transgender female. She further argues that the time she has served satisfies the § 3553(a) factors. The government opposes the Motion.

## II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[4] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted their administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[5]

First, the Tenth Circuit has concluded that the Court can consider the amendments to § 924(c)'s stacking provision in considering whether extraordinary and compelling reasons exist

---

[4] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[5] 18 U.S.C. § 3582(c); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

3

for a sentence reduction.[6] However, "[a] long sentence derived from stacking cannot, by itself, be an 'extraordinary and compelling' reason for sentence reduction."[7] "Instead, a district court may consider the legislative change to the stacking provision only in the context of an individualized review of a movant's circumstances" and "[c]ases in which those circumstances warrant a finding of 'extraordinary and compelling reasons' should be relatively rare."[8] Further, USSG § 1B1.13(b)(6), which was recently added to the Guidelines, states as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Here, Defendant points to the amendments to § 924(c) in support of her request for a sentence reduction, but she does more than simply rely on this statutory change. Defendant points to her young age and minor criminal history at the time of sentencing, the length of the sentence imposed in relation to that which would be imposed at the time the motion was filed, and the unique challenges she has faced while incarcerated.

In *Maumau*, the Tenth Circuit upheld a finding of extraordinary and compelling reasons for a sentence reduction in similar circumstances. These included: "Maumau's young age at the time of sentencing [(20 years old)]; the incredible length of his stacked mandatory sentences

---

[6] *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

[7] *Id.* at 838 (Tymkovich, C.J., concurring); *see also McGee*, 992 F.3d at 1048 (stating that "the fact a defendant is serving a pre-First Step Act mandatory . . . sentence . . . cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)").

[8] *Maumau*, 993 F.3d at 838 (Tymkovich, C.J., concurring).

under § 924(c) [(55 years)]; the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau, if sentenced today, would not be subject to such a long term of imprisonment."[9] Many of these same factors apply to Defendant here. Defendant was 24 years old at the time of the offense. Her sentence, while not as lengthy as that imposed in *Maumau*, is "incredible" when compared to what she would face today, which would be roughly half the time she has already served. Further, in contrast to the 23 years Defendant has served, the defendant in *Maumau* had served only 10 years at the time he was granted companionate release. The Court finds that these factors support extraordinary and compelling reason for a sentence reduction. Accordingly, the Court need not consider the effect, if any, Defendant's gender transition has on the relevant analysis.

Next, policy statement § 1B1.13 was recently amended to be "applicable" to § 3582(c)(1)(A) motions filed by prisoners. A sentence reduction here is consistent with that policy statement. As stated, USSG § 1B1.13(b)(6) contemplates the possibility of a sentence reduction in cases of unusually long sentences where there has been a change in the law and the Defendant shows extraordinary and compelling reasons for a reduced sentence.

Finally, the Court considers whether a sentence reduction is consistent with the Court's consideration of the § 3553(a) factors. As relevant here, the § 3553(a) factors direct the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

[9] *Id.* at 837 (quotation marks omitted).

>> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

> [and]
> * * *
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Court acknowledges the seriousness of the offense. As described above, Defendant engaged in a series of armed retail robberies, wherein she, or her codefendant, displayed a firearm and pointed it at other individuals. Such criminal actions pose a significant threat to the public and requires a significant sentence. A sentence of 23 years is significant. Such a sentence is also sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

The Court further acknowledges that Defendant had a relatively short criminal history limited to misdemeanor crimes before her conviction in this case. Defendant was also young at the time she committed the instant offense and has spent a considerable amount of time in custody; much more time than she would receive if she was sentenced today.

The Court also acknowledges that Defendant has been involved in numerous disciplinary incidents while in custody, some of which involved violence. However, Defendant has not had any disciplinary incidents since September 2021. She has also participated in several education courses, including a drug education program, and has worked in the recreation, kitchen, and mowing departments in the prison facility. Defendant is a citizen of Mexico and, due to the nature of her convictions, will almost certainly be deported to Mexico upon her release from custody.

Turning to the need to afford adequate deterrence and protect the public, the Court believes that a sentence of 23 years is sufficient to deter this Defendant and others who are similarly situated, and is sufficient to protect the public. This is especially true considering her likely deportation. Though reduced from the original 35-year sentence, 23 years' imprisonment remains a substantial sentence.

Finally, the Court must avoid unwarranted sentence disparities. There is no question that Defendant would be sentenced differently today based on the amendments to § 924(c)'s stacking provision. While this legislative change alone is not sufficient to warrant a sentence reduction, the Court is mindful of the disparities in sentencing that are now present given the changes to § 924(c).

For all these reasons, the Court finds that extraordinary and compelling reasons support a sentence reduction in this case. The Court will amend the judgment to impose a sentence of time served. This Order will be stayed for seven (7) days to allow for the Bureau of Prisons ("BOP") to make arrangements for Defendant's release, including remanding her to the Bureau of Immigration and Customs Enforcement for deportation proceedings.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket Nos. 86 and 91) is GRANTED as set forth above.

DATED this 4th day of January, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge